STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ROBERT REALI, DEFENDANT-APPELLANT.

Argued February 3, 1958—Decided March 3, 1958.

*Mr. George Warren* argued the cause for appellant.

*Mr. Robert J. Novins,* Assistant Prosecutor, argued the cause for respondent (*Mr. Robert A. Lederer,* Ocean County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Appellant and another were indicted for armed robbery and also for theft of an automobile. Appellant pleaded not guilty and the trial of the indictments was set for December 4, 1951. Both men escaped from jail on November 24. Three or four days later they were apprehended. It appears without dispute that appellant roamed the woods during the brief episode, subsisting on berries, and suffered 11 buckshot wounds and a laceration of the scalp in his capture. He received medical attention for these injuries and for severe constipation on November 27, 28 and 29. On November 30 he changed his plea to guilty and on the same appearance in court was sentenced to consecutive terms of 12 to 15 years for armed robbery and 7½ to 10 years for larceny of the vehicle.

On November 28, 1955 appellant applied for a writ of *habeas corpus* which was denied without hearing. The Appellate Division affirmed. On appeal to this court, the record was enlarged and counsel assigned.

Appellant does not question his guilt of the charge of theft of the vehicle, but maintains his innocence of armed robbery. He contends his plea of guilty to the latter charge was involuntary; that by reason of his then physical and mental condition he yielded unwillingly to the view of his counsel that he could not hope for an acquittal because of

his escape and that a conviction might be followed by a charge as an habitual offender and a life sentence.

■ We are satisfied that the claim presented may not be rejected without a hearing. See *Commonwealth of Pennsylvania ex rel. Herman v. Claudy,* 350 *U. S.* 116, 76 *S. Ct.* 223, 100 *L. Ed.* 126 (1956); *State v. Lenkowski,* 24 *N. J. Super.* 444 (*App. Div.* 1953); *State v. Forsythe,* 38 *N. J. Super.* 578 (*App. Div.* 1956). Since, however, the conceded circumstances require a finding in appellant's favor, a final disposition may be made here.

The transcript of the proceedings upon the change of plea and sentence reveals that counsel for appellant informed the court:

"He has always said he was not guilty of that particular crime. I frankly told him that escaping from jail was tantamount to signing a confession, although in his mind he cannot see that."

*Rule* 2:5–2 (*a*) (now *R. R.* 3:5–2 (*a*)) provided in part:

"The court may refuse to accept a plea of guilty, *non vult* or *nolo contendere,* and shall not accept such plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

Notwithstanding the quoted statement of counsel, the court made no inquiry of the prisoner with respect to voluntariness of his plea and his understanding of the nature of the charge. ■■ When at the time of pleading the court is expressly informed by the attorney for the accused that he claims to be innocent, a plea of guilty should be refused. Under the undisputed facts recited above, the judgment and sentence for armed robbery are vacated and the matter is remanded to the trial court with directions to restore the plea of not guilty and for further proceedings not inconsistent with this opinion.

*For reversal*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For affirmance*—None.