STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOSEPH A. ASHBY, DEFENDANT-APPELLANT.

Argued September 10, 1964—Decided October 5, 1964.

274

*Mr. Ronald Berman* argued the cause for defendant-appellant (*Messrs. Weston & Kravitz,* attorneys).

*Mr. Martin J. Queenan,* Burlington County Prosecutor, argued the cause for plaintiff-respondent.

The opinion of the court was delivered

PER CURIAM. Five indictments were returned against defendant Joseph A. Ashby charging him with open lewdness in violation of *N. J. S.* 2A:115–1. A short time later, under circumstances to be set forth hereafter, he moved before County Court Judge Thomas McGann to whom the case had been assigned for an order requiring the prosecutor to apply for a *nolle prosequi* of the indictments or in the alternative for an order dismissing them. (Under our present rule the motion for a *nolle prosequi* has been replaced by the motion to dismiss. See *R. R.* 3:11–3(a).) The motion was denied primarily because the court felt the authority to make such an order was restricted under *R. R.* 3:11–3(a) to the Superior Court Assignment Judge. On appeal the Appellate Division agreed with Judge McGann's view of lack of authority but, in the exercise of its original jurisdiction under *R. R.* 1:5–4 and *R. R.* 2:5, decided to pass upon the merits of the substantive issue of defendant's entitlement to the order. The

majority of the judges affirmed the trial court's action; one judge dissented. *State v. Ashby,* 81 *N. J. Super.* 350 (*App. Div.* 1963). Defendant then appealed to this Court. *R. R.* 1:2–1(b).

The indictments charged that on five occasions between March 5, 1962 and May 18, 1962, in three different municipalities in Burlington County, defendant committed acts of open lewdness. On being retained, defense counsel obtained a psychiatric report to the effect that Ashby was not legally insane and not suffering from any serious sexual perversion. It indicated, however, that he was "undergoing a neurosis with compulsive behavior," and in need of psychiatric aid. The examining psychiatrist reported also that defendant was willing to undergo such treatment. The doctor expressed the view that hospitalization was not necessary and that he had "every reason" to expect that with proper treatment the condition would clear up.

Investigation revealed that defendant was married and living with his wife and three children. He had no criminal record and had received an honorable discharge from the Army in 1956. He is a college graduate and at the time of the alleged offenses was in the employ of a substantial corporation, which employment would probably be lost by conviction of crime.

In view of defendant's background and the medical report, counsel conferred with the prosecutor regarding a disposition of the indictments which would fairly serve the interest and welfare of the public and the defendant and his family. There is not the slightest suggestion that the defense attorney and the prosecutor did not discuss the matter in good faith, or that they did not honestly recognize the conduct of the defendant as presenting a medical problem, or that they did not seek a solution of the charges which would further the public and private interests involved. Nor is there any doubt that the Legislature has shown an awareness of need for specialized rehabilitative treatment in certain sex offenses of this type. *N. J. S.* 2A:164–3 *et seq.*

Defense counsel suggested that instead of the indictments, five complaints under the Disorderly Persons Act, *N. J. S.* 2A:170–5, be filed in the municipal courts of the three municipalities where the acts occurred. The defendant would plead guilty to such complaints, submit to the penalty imposed there and continue psychiatric treatment until discharged by the doctor. It was suggested further that after this was done, the prosecutor should *nolle prosequi* the indictments.

At this point it should be noted that whatever the nature of the prosecutor's discretion in the handling of criminal complaints, once the grand jury has indicted a defendant, jurisdiction of the indictment passes to the Superior Court or the appropriate county court within their respective spheres of judicial activity. The court and not the prosecutor controls the trial calendar, *State v. Coolack*, 43 *N. J.* 14 (1964), and the prosecutor cannot enter a *nolle prosequi* of an indictment without the consent of the court. *R. R.* 3:11–3(a); *Apgar v. Woolston*, 43 *N. J. L.* 57, 65 (*Sup. Ct.* 1881); *State v. Hickling*, 45 *N. J. L.* 152 (*Sup. Ct.* 1883); *Earl v. Winne*, 34 *N. J. Super.* 605, 613 (*Cty. Ct.* 1955).

At the conference the prosecutor was inclined sympathetically toward the defense proposal and indicated he would accede to it but for doubt that approval of the Assignment Judge could be obtained. Counsel telephoned the Assignment Judge's chambers and learned he was on vacation and that another member of the court was functioning as acting Assignment Judge. On telephoning the latter, counsel was instructed to outline the matter in letter form and to attach a copy of the psychiatric report. That was done and the acting Assignment Judge wrote the county judge in whose trial list the indictments were pending saying, among other things:

"This is to advise that acting in the stead of Judge Shalick you have my permission to dispose of these incidents on charge of being a disorderly person and under other conditions as you deem advisable. This consent would permit the indictments to be 'nolle prossed.'"

Here, again, we may interpolate that under the circumstances presented, *Rule* 3 :11–3 (a) required the *nolle prosequi* motion to be made before the Assignment Judge and not the county court judge. Moreover, to avoid possible misunderstandings such as evolved in this instance, in our judgment arrangements of the kind requested should not be made *ex parte,* particularly by the defendant. A *nolle prosequi* motion may be made only by the prosecutor; the preliminary arrangements, whenever necessary, ought to be made by him personally with the court in the presence of defense counsel.

Subsequent to the acting Assignment Judge's letter the prosecutor's office arranged for the filing of a disorderly persons complaint under *N. J. S.* 2A:170–5 in the Municipal Court of Edgewater Park Township for the offense committed there. When the complaint was scheduled for trial defendant appeared, pleaded guilty and was fined $100 which he paid. We question the wisdom of this unqualified disposition without imposing conditions relating to continued submission to psychiatric treatment until the compulsive neurosis cleared up. Ample authority exists to place such a defendant on probation and to order medical treatment as an incident thereof. *N. J. S.* 2A:169–6. Fortunately Ashby continued the psychiatric treatment, and we were informed at oral argument that he had responded so well the doctor considered him rehabilitated and had discharged him.

The same course of action was pursued the same day in the Municipal Court of Westhampton where a similar complaint was filed charging defendant with being a disorderly person because of the unlawful conduct there. Ashby pleaded guilty and received and paid the same fine.

Finally three more of the same type of complaint were filed in Levittown Township concerning the offenses occurring in that municipality. Before they were disposed of, however, the Magistrate informed counsel for defendant that an indefinite postponement had been granted at the request of the prosecutor. On inquiry defense counsel was informed by the prosecutor that on return from vacation the Assignment

Judge indicated he would not approve the *nolle prosequi* of the indictments. As a result the prosecutor felt obliged to withdraw from the agreement made with defendant.

The position of the prosecutor stimulated the motion which eventuated in this appeal. Following the court's refusal to order the prosecutor to seek the *nolle prosequi,* or to order dismissal of the indictments, on argument of the appeal to the Appellate Division the prosecutor conceded the defense of *aulrefois convict* was applicable as to the two disorderly person complaints which were disposed of by plea and fine. The Appellate Division agreed and ordered the two indictments relating to those offenses be dismissed. As to the remaining three indictments, however, two of the judges declared the agreement of the prosecutor was unenforceable. The dissenting judge felt that under the facts and particularly the assent of the acting Assignment Judge, the prosecutor's agreement represented a pledge of the public faith and ought to be respected.

 Our study of the record satisfies us that in spite of misunderstandings on some phases of the matter, all persons concerned acted in good faith and in an honest effort to dispose of the charges against defendant in a manner which would best serve the public welfare and at the same time accomplish rehabilitation of the defendant. Moreover, we now have information from the treating physician, which was not available to the Assignment Judge on his return to duty, *i. e.,* that Ashby has satisfactorily completed the psychiatric treatment prescribed for him, and apparently has developed such insight and judgment of his problem as to be able to control it without further treatment. In our judgment the equities call for performance of the prosecutor's compact, which he states he is quite willing to perform if properly authorized to do so. Under the circumstances we will invoke our original jurisdiction and direct the remaining three indictments be dismissed on application to be made by the prosecutor under *R. R.* 3 :11–3 (a), after the three complaints pending in the Levittown Township Municipal Court have been disposed of and

the defendant has satisfied whatever penalty is imposed, including probation and conditions, if any, which the Magistrate in his discretion, after obtaining a presentence probation report, may see fit to order. See $R. R.$ 3:7–10(b) and $N. J. S.$ 2A:169–6. At the conclusion of the entire matter, the prosecutor shall present the order of dismissal of the indictments to the Assignment Judge for signature.

The judgment of the Appellate Division is reversed and the matter remanded to be proceeded with in accordance with this opinion.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.