109 N.J. Super. 80 (1970)
262 A.2d 244
STATE OF NEW JERSEY, PLAINTIFF,
v.
PATRICK LORD, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Criminal Division.
Decided February 20, 1970.
*81 Mr. Donald Rosenfelt, appeared for defendant (Messrs. Grabow, Verp & Rosenfelt, attorneys).
Mr. Charles Carroll, Assistant Prosecutor, appeared for the State.
CRANE, A.J.S.C.
Defendant was indicted for larceny of a truck. When the case was called for trial, defense counsel requested a conference with the prosecutor to discuss the possibility of a plea. It was represented at that time that defendant had no prior record of convictions, that the truck in question had been in defendant's custody as yardmaster of his employer's place of business, that he had taken the truck for a ride and that it had been subsequently returned. As a result of the discussions, it was agreed that a complaint charging unlawful use of a motor vehicle under the provisions of N.J.S.A. 2A:170-38 would be prepared, that defendant would plead guilty to the complaint, and that after sentencing the prosecutor would move the indictment for dismissal.
The prosecutor now moves to set aside the plea of guilty to the disorderly persons charge and to reinstate the indictment to the active trial list upon the ground of mistake of fact. It is not asserted that any misrepresentations were made by defense counsel or that the representations made were untrue, but rather that the assistant prosecutor who agreed to prepare the complaint and move the indictment for dismissal was not fully aware of all the facts in the prosecutor's file. He states that if he were aware of all the factual material in his file, he would not have agreed to *82 permit the matter to be disposed of as a disorderly persons offense. Specifically, he says that the truck was broken into by two men at a place where defendant had parked it, and when the police arrived the two men were in the process of unloading the truck. He suspects, but presently has no way of proving, that defendant had some connection with the men who were looting the truck.
A motion for withdrawal of a plea of guilty may be made by a defendant prior to sentencing under R. 3:21-1. Strong considerations of policy favoring the finality of judicial proceedings weigh heavily against granting such a motion unless it appears that the plea was not entered voluntarily or with a full understanding of its consequences. State v. Herman, 47 N.J. 73 (1966). We are aware of no precedent or rule which permits the court to set aside a plea of guilty at the instance of the State. The reasons of policy which militate against permitting a defendant to withdraw a plea of guilty which has been knowingly and voluntarily made, also weigh heavily against setting aside the plea at the instance of the State. Moreover, a defendant has materially altered his position by entering a plea of guilty to a lesser included offense. In this instance defendant voluntarily made highly inculpatory statements in open court. He admitted having taken the truck without the owner's permission and having driven it to a location in another city. Whether such admissions, made during the entry of a plea of guilty, would be admissible against him in a subsequent trial is not entirely clear. See State v. Leaks, 124 N.J. Law 261 (E. & A. 1940); Note, 79 Harv. L. Rev. 935, 1044; Annotation, 86 A.L.R.2d 326. However, under these circumstances the prosecutor's representation in open court that the indictment would be moved for dismissal after sentencing amounted to a pledge of the public faith. State v. Ashby, 43 N.J. 273 (1964). That pledge ought not be withdrawn, absent a showing of bad faith or manifest injustice to the State.
The motion will be denied.