112 N.J. Super. 374 (1970)
271 A.2d 447
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY LOUIS POLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 1970.
Decided December 3, 1970.
*375 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. J. Roger Conant, assigned counsel, argued the cause for appellant.
Mr. Elson P. Kendall, Assistant Prosecutor, argued the cause for respondent. (Mr. Karl Asch, Union County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals from a denial of his petition for post-conviction relief wherein he alleged he pleaded guilty to the charges pending against him only in response to a promise as to his sentence, which promise was not kept.
The grand jury returned five indictments (Nos. 89, 90, 91, 92 and 187) against defendant for obtaining money under *376 false pretenses (N.J.S.A. 2A:111-1 and 2A:111-19), to which he pleaded not guilty. On May 20, 1968 he retracted his former pleas and pleaded guilty to the five indictments after executing a Form 13A as to each. On June 28, 1968 defendant was sentenced (by a different judge than the one before whom he had pleaded) to a 2-3 year sentence on each indictment, the sentences on 89 and 90 to run concurrently to each other, those on 91, 92 and 187 to run concurrently to each other but consecutively to 89 and 90, and all to run concurrently with a 3-5 year sentence shortly before imposed upon him in Middlesex County on June 4, 1968. In addition, and as a result of the convictions emanating from the above pleas, he was sentenced for violation of probation on ten previously existing charges to terms of 1-2 years on each charge, all of these sentences to run concurrently to each other but consecutively to the five indictments to which he had pleaded and on which he had just been sentenced. Thus, in total, defendant was sentenced to a 5-8 year term, to be concurrent with the 3-5 year term previously imposed in Middlesex County.
In his post-conviction proceeding, heard by the judge who sentenced him, defendant testified that he met his attorney, a member of the Public Defender's office, for the first time on the morning he retracted his plea, in the Union County Court House. He had been brought there by two members of the Middlesex County Sheriff's Department for the purpose of going to trial on that date. He told his lawyer he would not enter the courtroom with him because he felt that the lawyer could not adequately present the case without any prior knowledge of defendant or the circumstances of the offenses. The lawyer then left and apparently went to the judge to seek a postponement. On his return he told defendant that the judge had refused his request. Defendant repeated that he refused to go to trial. The lawyer then went back to talk to the judge and returned to tell defendant that he had "made a deal" for him. If defendant were to plead guilty to the five pending indictments the judge would sentence *377 him to the "exact" amount of time that might be imposed in Middlesex County on other charges there pending, both sentences to run concurrently. At defendant's request the attorney repeated the terms of the "bargain" in front of the two sheriff's officers who had defendant in custody.
Defendant further testified that the attorney again told him on June 28, before sentence was imposed, that the "same deal still held" and the sentence "would not exceed" the 3-5 year sentence previously imposed in Middlesex County.
At the time of the plea retraction the judge went over in detail Form 13A previously executed by defendant and he denied that any inducements or promises had been made to have him plead guilty or any promise made as to sentence. At the post-conviction proceedings the trial judge questioned defendant as to these answers. He responded:
They were not true, your Honor, but when I made these, when you gave me these questions and you told me about these questions, was I to say to you "Yes. A bargain was made." Would you have accepted this bargain, if you did make the bargain, which I now believe you * * *.
Robert Belluscio, a Middlesex County Sheriff's officer, testified that, although he could not testify to the exact words used between defendant and his counsel, "a deal was made * * * that he would receive the same sentence that would be sentenced to him [sic] in Middlesex County."
Defendant's attorney testified that he met and interviewed defendant on May 20 in the Union County Court House. He spoke to the judge before whom the trial was scheduled, who requested that he speak with defendant "about entering a plea." The judge told him that he would write a letter to the sentencing judge recommending that defendant receive a concurrent sentence. The attorney further testified he told defendant of his conversation with the judge. However, he stated that he at no time made a guarantee of any kind to defendant. He told defendant that the plea judge could only make a recommendation to the sentencing *378 judge and the latter could treat that recommendation as he saw fit.
On June 28 the attorney conferred with the sentencing judge and pointed out the recommendation of the plea judge and asked that due consideration be given it. The sentencing judge replied that he had noted the recommendation and that he would give it some consideration. Counsel told defendant of this conversation but again he stated that he did not make any guarantees.
The record discloses that on May 20, 1968 the plea judge did write a letter to the sentencing judge directing that sentence on the Union County indictments, to which defendant had pleaded that day, be imposed after the imposition of a sentence in Middlesex County. The judge further stated that after conferring with the prosecutor and defense counsel he recommended that defendant be given terms concurrent with the Middlesex sentence.
The post-conviction proceeding judge postponed the matter until he obtained a transcript of the plea retraction. At resumption of the hearings, the judge offered defendant an opportunity to retract his pleas to all five indictments and to have his pleas of not guilty reinstated. All sentences on the indictments and on the violations of probation would be vacated and defendant would stand trial. However, the judge noted that if defendant did that he might well receive the same or a lesser sentence or a "terribly longer" one, possibly "well over 40 or 50 years." Defendant refused this offer, stating that he was merely seeking a reduction in his sentence so that it would not exceed the Middlesex County sentence. Thereupon, the sentencing judge found that no promises were made to defendant at the time he retracted his pleas and denied his motion for relief. The judge also noted that the sentence imposed was actually concurrent to the Middlesex sentence, even though the number of years to be served on each was different.
Defendant now argues, as he argued below, that the suggestion of promise made to him by his counsel, with the apparent *379 acquiescence of the plea judge, so tainted his pleas as to make them involuntary, R. 3:9-2, and that a bargain had in fact been reached. The State asserts that defendant failed to prove that a "deal" was made.
Much has been written on the subject of plea bargaining or, better designated, plea discussions. See Approved Draft (1968) of Standards Relating to Pleas of Guilty, issued by the American Bar Association Project on Minimum Standards for Criminal Justice, Part III, §§ 3.1 to 3.4, with commentary.
In State v. Taylor, 49 N.J. 440 (1967), Justice Francis, speaking for our Supreme Court stated:
It should be pointed out here that there is nothing unholy in honest plea bargaining between the prosecutor and defendant and his attorney in criminal cases. At times, it is decidedly in the public interest, for otherwise, on occasion the guilty would probably go free. This does not mean that the prosecutor can commit the sentencing judge to any particular sentence or action, such as downgrading charges against the defendant or suspending sentence or granting probation. The prosecutor's function in this connection is strictly limited to an agreement to recommend a form of leniency, to which recommendation the court in its discretion after being made aware of the full situation would give due consideration. * * *

* * * * * * * *
When pleas are negotiated, the important purposes to be served are fairness to the pleading defendant and to the public, * * *. [at 455-456]
See also State v. Ashby, 81 N.J. Super. 350 (App. Div.) (dissent at 365), rev'd 43 N.J. 273, 278 (1964), and State v. Lord, 109 N.J. Super. 80, 82 (Cty. Ct. 1970).
It is to be noted that Taylor approves initial plea discussions "between the prosecutor and defendant and his attorney." It does not contemplate that the judge should either initiate these discussions or participate therein. Moreover, there is strong authority forbidding a trial judge's participation in plea discussions. Commonwealth v. Evans, 434 Pa. 52, 252 A.2d 689 (Sup. Ct. 1969); White v. State, 203 Kan. 687, 455 P.2d 562, 566-567 (Sup. Ct. 1969); *380 American Bar Ass'n Comm. on Professional Ethics, Opinions, No. 779 (1964). Further, there is even controversy as to whether the judge may participate after a plea agreement has been reached and, if he may, the extent of such participation. See § 3.3, Approved Draft (1968) of Standards Relating to Pleas of Guilty, supra.[1]
However, we need not resolve that controverted question in order to properly dispose of this appeal. Here, the issue is not whether the plea judge actually made a promise to defendant, through his counsel, that the sentence to be imposed would be exactly the same and concurrent with the Middlesex County sentence. (The sentencing judge determined that he did not). Rather, the pertinent issue is whether defendant had a bona fide belief that such a promise was made, and whether that belief was reasonably based upon the conduct of all parties concerned, including the plea judge.
Our study of the record satisfies us that defendant reasonably, actually and in good faith did entertain such a belief when he entered his guilty pleas to the five indictments. Accordingly, we find that he has carried the required burden of demonstrating that his pleas were not voluntarily made. State v. Daniels, 38 N.J. 242, 250 (1962), cert. den. 374 U.S. 837, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1962).
Under these circumstances, we conclude that the equities mandate that the sentences imposed on the five indictments and for violation of probation should be modified so that the total sentences imposed should not exceed 3-5 years, to be served concurrently with the sentence previously imposed in Middlesex County. See State v. Ashby, supra, 43 N.J., at 278. Such a modification would be fair to defendant and to the public.
*381 The State argues that the "real problem" is that defendant failed to take into account the effect of his guilty pleas upon his probationary status under sentences previously imposed for other crimes and in no way related to the indictments pleaded upon. It asserts that there is no evidence that anyone discussed any disposition of the probation matters during the alleged plea bargaining. The State points out that defendant was given a sentence concurrent with the one imposed in Middlesex County, on the indictments to which he pleaded, and that the consecutive sentence was imposed for the violations of probation.
The State's position lacks merit. In the first place, defendant contends that he was promised an "exact" concurrent sentence to the one imposed in Middlesex. Secondly, the sentences on indictments 91, 92 and 187, although concurrent to each other, were consecutive to the concurrent terms imposed on indictments 89 and 90. Thus, defendant received a total sentence of 4-6 years on the five indictments to which he pleaded, independently of the additional 1-2 years imposed for the probation violations. Finally, since no one indicated to defendant that such an additional sentence would be imposed as a result of his pleas, it is spurious to argue that such additional sentences were outside the scope of his agreement. The basis of the probation violations was the guilty pleas, and without those pleas there were no such violations. By reason thereof, fair play requires that the sentence for the violations of probation be made concurrent to the Middlesex County sentence.
The State's final contention that defendant's proper remedy was by way of an appeal from an illegal sentence, and not by way of post-conviction relief, is without substance. See R. 3:22-2(a), (c) or (d).
Consistent with the above, the sentences imposed upon defendant in Union County are modified as follows: The 2-3 year sentences imposed on indictments Nos. 89, 90, 91, 92 and 187 shall be concurrent with each other. The 1-2 year sentences imposed for violation of probation shall also *382 be concurrent with each other but consecutive to the sentences imposed upon the five indictments. However, the 3-5 year sentence resulting from the above, shall be concurrent with the 3-5 year sentence heretofore imposed in Middlesex County.
Affirmed as modified, and remanded for the imposition of sentences consistent with our determination.
NOTES
[1] The responsibility of the trial judge in these plea discussions and agreements was discussed at the 1970 New Jersey Judges Seminar, held at Cherry Hill, and the subject is presently under study by our Supreme Court.