583 A.2d 376

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, IN THE
INTEREST OF J.R., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 31, 1990—Decided November 28, 1990.

Before Judges KING, LONG and STERN.

*Wilfredo Caraballo*, Public Defender, attorney for appellant (*L. Gilbert Farr*, designated counsel, of counsel and on the brief).

*Ronald S. Fava*, Passaic County Prosecutor, attorney for respondent (*Steven E. Braun*, Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

The principal issues in this case deal with procedural rights of a juvenile charged with delinquency. With respect to the principal issues we hold that a trial judge, sitting as a fact finder, can correct an error in his findings sustaining a conviction while the matter is pending on appeal. We further hold that a juvenile must offer or acknowledge a factual basis for his guilty plea and has the right of allocution.

This appeal involves an adjudication of delinquency on two separate complaints. In one complaint, J.R. was charged with possession of two vials of crack cocaine on June 18, 1988, allegedly in violation of *N.J.S.A.* 2A:4A–23 and *N.J.S.A.* 2C:35–5a (Docket No. FJ 16–4784–88).[1] In the second complaint he was charged with possession and possession with intent to distribute heroin on December 6, 1988, in violation of *N.J.S.A.* 2A:4A–23 and *N.J.S.A.* 2C:35–5b(2) (possession with intent) and 2C:35–10a(1) (Docket No. FJ 16–2396–89).[2] Following trial on

---

[1] The matter was treated throughout as a case involving simple possession of cocaine, which is governed by *N.J.S.A.* 2C:35–10a(1), and not possession with intent to distribute which would be a violation of *N.J.S.A.* 2C:35–5a(1) and –5b. The matter was treated as a third degree crime. The classification was correct. *See N.J.S.A.* 2C:35–10a(1).

[2] Violation of *N.J.S.A.* 2C:35–5a in a quantity of more than one-half ounce, but less than five ounces, constitutes a second degree crime. *See N.J.S.A.* 2C:35–5b(2). 421 bags of heroin were found under the hood of the car in which defendant was a passenger. Despite the reference to *N.J.S.A.* 2C:35–5b(2) in the complaint and judgment, and despite references to quantity as involving more

the heroin charges, J.R. was adjudicated to be a delinquent on January 10, 1989.

Prior to sentencing on the heroin charges, J.R. entered a guilty plea to the complaint charging possession of the crack cocaine, Docket No. FJ 16–4784–88. At that time, his counsel explained that J.R. was pleading guilty to the possession of crack and abandoning his motion to suppress, in exchange for an understanding or agreement that the disposition would be concurrent with any disposition arising from the trial on the heroin charges.

The plea proceedings included the following colloquy between J.R. and his attorney:

Q. And you're pleading guilty because you are, in fact, guilty. Is that correct.
A. Yes.
Q. On Complaint # 4784–88 you are charged with two vials of crack cocaine, possessing them. Is that correct.
A. Yes.
Q. Did you know it was against the law to possess those two vials of crack cocaine.
A. Yes.

The court explained to J.R. that "the agreement is that the sentences or dispositions will run concurrent. That is, at the same time", and J.R. expressed his understanding of the agreement. In response to the judge's final remark that he would "get no added time", J.R. again acknowledged his understanding.[3]

In imposing sentence, the judge indicated that the heroin charge occurred while defendant was awaiting trial on the cocaine offense, but that, in any event, defendant was guilty of offenses occurring "on at least two occasions"; that "each and every individual with whom that crack cocaine comes into

---

than one-half ounce, the matter was handled as a third degree crime for sentencing. The degree of crime should be clarified for sentencing purposes on the remand we are ordering. *See* *N.J.S.A.* 2A:4A–43, –44, –44d.

[3]No issue is raised relating to the subject of plea bargaining or negotiated pleas in the Family Part, and we do not pass upon the issue.

contact ... becomes a potential source of danger to the community"; that in the predisposition report J.R. "denies use or experimentation with all controlled dangerous substances, so [of] necessity I have to conclude that if he has drugs in his possession, it[']s for one purpose and one purpose only, sale or distribution", and that therefore deterrence was particularly required.

On the charge of possession of heroin with intent to distribute, treated as a third degree crime if committed by an adult, the judge sentenced J.R. to a term not to exceed two years at the State Home for Boys at Jamesburg and imposed a $1,000 D.E.D.R. penalty, $25 forensic laboratory fee and a $25 Violent Crime Compensation Board penalty. He also imposed a six month suspension of driving privileges. The second count was merged into the first. With respect to the cocaine possession, an identical concurrent sentence was imposed with an "additional delay in driving privileges for a period of six months."

On this appeal J.R. argues:

POINT I   NO FACTUAL BASIS EXISTED FOR THE GUILTY PLEA TO POSSESSION OF COCAINE.

POINT II   THE TRIAL COURT'S USE OF AN ERRONEOUS LEGAL STANDARD REQUIRES REVERSAL OF THE ADJUDICATION OF JUVENILE DELINQUENCY.

POINT III   THE TRIAL COURT ERRED IN DENYING J.R.'S MOTION FOR ENTRY OF A JUDGMENT OF ACQUITTAL ON THE HEROIN CHARGES.

POINT IV   THE STATE'S FAILURE TO DISCLOSE DEFENDANT'S ADMISSION IN DISCOVERY MANDATES A NEW TRIAL.

POINT V   THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE PERIODS OF LICENSE SUSPENSION.

POINT VI   THE TRIAL COURT ERRED IN DENYING J.R. THE RIGHT TO ADDRESS THE COURT PRIOR TO DISPOSITION.

POINT VII THE TRIAL COURT ERRED IN ITS DISPOSITION OF THESE CASES.

POINT VIII CLERICAL ERRORS IN THE ORDER OF COMMITMENT MUST BE CORRECTED.

POINT IX   THE TRIAL COURT ERRED IN ALLOWING A LAY WITNESS TO TESTIFY AS AN EXPERT.

## I.

We are satisfied that there is no basis for reversal of the adjudication of delinquency with respect to the heroin charges. We agree with J.R. that the trial judge erred in stating his finding that "there is a sufficient basis for this Court to conclude beyond a reasonable doubt that [J.R.] knew or should have known of the location of those drugs", and in his use of the expression "or should have known" several times during the disposition. However, by letter dated March 7, 1989, while this appeal was pending, the trial judge wrote to the prosecutor and J.R.'s attorneys stating that "[a]ny reference to language 'should have known' is eliminated from the Court's Findings of Fact and Conclusions." We are thus satisfied that the inappropriate expression used by the trial judge in making his finding was remedied by the letter, filed pursuant to *R.* 2:5–1(b). Were we to reverse and remand for reconsideration, under the appropriate legal standard requiring proof beyond a reasonable doubt that defendant purposely or knowingly possessed the heroin with intent to distribute, *see N.J.S.A.* 2C:35–5, the trial judge would not be required to try the matter again. He could review the matter based on the transcript of the proceedings already conducted. That being the case, and there being no finding of evidentiary insufficiency, we see no reason why the improper phraseology could not be deleted from the judge's decision while the case was pending on appeal.

## II.

J.R. was found in the front passenger seat of the automobile which carried 421 bags of heroin, worth about $4,000 to $8,000, under its hood. "An inference that a drug smuggler carrying a very large quantity of drugs would travel with a knowledgeable companion, and not an 'innocent' passenger or stranger, is not only reasonable, it is likely." *State v. Palacio,* 111 *N.J.* 543, 554, 545 *A.*2d 764 (1988). "Possession" within the meaning of the Code of Criminal Justice, which now includes

offenses in violation of the Comprehensive Drug Reform Act of 1986, *N.J.S.A.* 2C:35–1 to :36A–1, is defined in *N.J.S.A.* 2C:2–1(c), and requires that the possessor "knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period of time to have been able to terminate his possession." While J.R.'s mere presence in the vehicle where the heroin was being transported does not in itself constitute sufficient evidence of guilt, *see State v. Sapp*, 71 *N.J.* 476, 366 *A.*2d 334 (1976), reversing on Judge Morgan's dissent, 144 *N.J.Super.* 455, 460, 366 *A.*2d 335 (App.Div.1975); *State v. Shipp*, 216 *N.J.Super.* 662, 666, 524 *A.*2d 864 (App.Div. 1987), the totality of evidence was as the trial judge recognized, sufficient to sustain the adjudication of guilt. All three occupants of the car were from Paterson; the car was traveling west on Interstate 80 (towards Paterson); the drugs (wrapped as bricks in a paper towel and valued at between $4,000–$8,000) were found under the hood of the car; the hood light was found in the driver's pocket, giving rise to an inference "that the bulb had been removed within a recent period prior to the time that the parties were apprehended" and the drugs recently placed there, and J.R. giving a false name until he was told his parents had to be called to pick him up, *see State v. Johnson*, 216 *N.J.Super.* 588, 612, 524 *A.*2d 826 (App.Div.1987) (giving false name is indication of consciousness of guilt), combine to give rise to a sufficient inference of defendant's joint and constructive possession. This is true even without consideration of the statement J.R. made, advising his colleagues in the police car after their arrest "not to say nothing to the Police".[4] Thus, the

---

[4]That statement was offered and used to support a finding that J.R. knew the other occupants in the car. There is no suggestion before us that J.R.'s instructions to his codefendants to maintain their silence was inadmissible; and there is no assertion before us that there was a violation of New Jersey law in this respect. *See, e.g. State v. Deatore,* 70 *N.J.* 100, 358 *A.*2d 163 (1976). The arresting officer failed to include this "admission" in his typed report, and the only objection raised before us is that the statement was therefore admitted in violation of our discovery rules. However, J.R. states before us, that issue was

inferences were sufficient to deny the motions for acquittal and to sustain the adjudication of guilt. *See State v. Palacio, supra; State v. Brown,* 80 *N.J.* 587, 597, 404 *A.*2d 1111 (1979); *State v. DiRienzo,* 53 *N.J.* 360, 370, 251 *A.*2d 99 (1969). We find no basis to reverse the adjudication of delinquency on the heroin charges.

## III.

J.R. contends that the two-year commitment to the State Home for Boys cannot be imposed because he was denied allocution at the time of sentencing and that, in any event, the plea to the cocaine charge must be vacated due to the absence of a factual basis supporting it. *N.J.S.A.* 2A:4A–40 provides in part:

> All rights guaranteed to criminal defendants by the Constitution of the United States and the Constitution of this State, except the right to indictment, the right to trial by jury and the right to bail, shall be applicable to cases arising under [the "New Jersey Code of Juvenile Justice", *N.J.S.A.* 2A:4A–20 *et seq.*].

*R.* 5:1 deals with the scope and applicability of other rules with respect to practice in the Family Part. *R.* 5:1–1 expressly provides that "[j]uvenile delinquency actions shall be governed by the rules in Part III insofar as applicable and except as otherwise provided by the rules in Part V."

█ *R.* 3:9–2 provides in part that a court "shall not accept [a] plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as the result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea." The rule expressly makes an exception with respect to the need for a factual basis from the defendant himself or herself only where he or she is

"not raised below". Thus, the trial judge had no basis to address the issue, bar the testimony, grant a continuance or take any other appropriate action.

charged with a crime punishable by death where the defendant pleads to a capital or lesser included offense. *But see State v. Davis*, 116 *N.J.* 341, 561 *A*.2d 1082 (1989) with respect to the need for a factual basis with respect to pleas in capital cases. Nothing in Part V of the Rules Governing the Courts of New Jersey suggests that *R*. 3:9-2 is not applicable to dispositions upon guilty pleas in the Family Part or in juvenile delinquency proceedings. Thus, except for a plea in a capital case, *see North Carolina v. Alford*, 400 *U.S.* 25, 91 *S.Ct.* 160, 27 *L.Ed.*2d 162 (1970) (federal Constitution); *State v. Davis, supra;* there is no doubt that the defendant (in a non-capital case) must himself or herself offer or acknowledge a factual basis to support a guilty plea in New Jersey. *See State v. Smullen*, 118 *N.J.* 408, 414–415, 571 *A*.2d 1305 (1990); *State v. Barboza*, 115 *N.J.* 415, 420–422, 558 *A*.2d 1303 (1989); *State v. Sainz*, 107 *N.J.* 283, 293, 526 *A*.2d 1015 (1987); *State v. Reali*, 26 *N.J.* 222, 139 *A*.2d 300 (1958).[5] *See also* and *compare, Henderson v. Morgan*, 426 *U.S.* 637, 96 *S.Ct.* 2253, 49 *L.Ed.*2d 108 (1976); *North Carolina v. Alford, supra*, 400 *U.S.* at 38, n. 10, 91 *S.Ct.* at 167–68, n. 10, 27 *L.Ed.*2d at 171–72, n. 10. Hence, when a plea lacks an adequate factual basis, it must be vacated. *See State v. Barboza, supra*, 115 *N.J.* at 422–427, 558 *A*.2d 1303.

As stated in *State v. Davis:*

... in New Jersey a guilty plea to a non-capital charge cannot be accepted unless the defendant acknowledges his guilt. *R.* 3:9-2; *see State v. Reali*, 26 *N.J.* 222 [139 *A*.2d 300] (1958); *State v. Sands*, 138 *N.J.Super.* 103 [350 *A*.2d 274] (App.Div.1975), *aff'd on other grounds*, 76 *N.J.* 127 [386 *A*.2d 378] (1978). [116 *N.J.* at 371, 561 *A*.2d 1082].

■ While we agree with the defendant that a factual basis must accompany a juvenile's guilty plea to a charge of delinquency in the Family Part, we are satisfied that enough was said in this case to sustain the plea to possession of cocaine. While more should have been developed with respect to the

---

[5]*State v. Reali* was expressly adhered to by our Supreme Court notwithstanding *North Carolina v. Alford, supra*. *See* Memorandum on Plea Discussions, 94 *N.J.L.J.* 1 (1971).

factual basis in the case, we are satisfied that J.R.'s statement that he was in fact guilty and that he knew it was against the law "to possess those two vials of crack cocaine" was minimally adequate to sustain the plea under the totality of circumstances. *Cf. State v. Sainz, supra,* 107 *N.J.* at 293, 526 *A.*2d 1015 ("[t]he factual basis for a guilty plea must obviously include defendant's admission of guilt of the crime or the acknowledgment of facts constituting the essential elements of the crime" which "may be understood in light of all surrounding circumstances.")

### IV.

We are nevertheless compelled to remand for further proceedings with respect to the sentence. J.R. was never given an opportunity to address the court before the disposition. *R.* 3:21–4(b), applicable to the Family Part by *R.* 5:1–1, provides that:

Defendant's Statement. Before imposing sentence the court shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment. The defendant may answer personally or by his attorney.

Thus, while J.R. cannot collaterally attack his sentence, he is entitled to challenge it on direct appeal because he was denied the opportunity to address the judge directly. *State v. Cerce,* 46 *N.J.* 387, 395–397, 217 *A.*2d 319 (1966). Hence, failure to comply with the allocution requirement warrants a remand for resentencing on direct appeal. *See State In the Interest of A.H.,* 115 *N.J.Super.* 268, 272, 279 *A.*2d 133 (App.Div.1971); *see also State in the Interest of S.T.,* 233 *N.J.Super.* 598, 607, 559 *A.*2d 861 (App.Div.1989).

### V.

As the matter must be the subject of resentencing, we note two issues addressed in the briefs with respect to same. First of all, despite J.R.'s assertion, there is no presumption against imprisonment for first offenders adjudicated as delin-

quent for third degree crimes. Rather, *N.J.S.A.* 2A:4A–44b(1) provides for "a presumption of nonincarceration for any crime or offense of the fourth degree or less committed by a juvenile who has not previously been adjudicated delinquent or convicted of a crime or offense." On the other hand, despite the statement of the Senate Judiciary Committee appended to the Code of Juvenile Justice, L.1982, c. 77, *see N.J.S.A.* 2A:4A–20 to –49, *N.J.S.A.* 2A:4A–44 expresses no presumption of imprisonment. Here, on remand there should be a clear understanding of the degree of crime for which J.R. was convicted before his sentence is imposed. *See* n. 2 *supra.* Further, while *N.J.S.A.* 2C:35–16 expressly requires that its provisions may be made applicable to any juvenile adjudicated delinquent for committing an offense under chapters 35 and 36 of Title 2C, *N.J.S.A.* 2C:35–16 also provides that that person:

> shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period to be fixed by the court at not less than six months or more than two years which shall commence on the day the sentence is imposed In the case of any person who at the time of the imposition of sentence is less than 17 years of age, the period of the suspension of driving privileges authorized herein ... shall commence on the day the sentence is imposed and shall run for a period as fixed by the court of not less than six months or more than two years after the day the person reaches the age of 17 years.

The 1988 amendments to *N.J.S.A.* 2C:35–16, L.1988, C. 44 § 7, expressly provide that the period of suspension "shall commence on the day the sentence is imposed", and with respect to a person less than seventeen years of age "shall run for a period as fixed by the court of not less than six months or more than two years after the day the person reaches the age of 17 years." In this case the negotiated disposition was for a concurrent sentence, to which defendant acknowledged his understanding that "the two sentences or dispositions will run concurrent" and that he would "get no added time". As this matter must be remanded for resentencing, the issue of whether or not the license suspension was to be imposed concurrently can be developed before the trial judge. *Note, State v. Blow,* 237 *N.J.Super.* 184, 194, 567 *A.*2d 253 (App.Div.1989) certif. granted, 122 *N.J.* 153, 584 *A.*2d 222 (1990). We note, however,

that whereas forfeitures for adults are to commence on the date sentence is imposed, with respect to juveniles, the period is to run from the day after the person reaches the age of seventeen years, with multiple suspensions running concurrently from that date. Hence, we do not read *N.J.S.A.* 2C:35-16 as permitting consecutive license suspensions, although different durations can be imposed on each conviction. *Cf. State v. Blow, supra.*

The matter is remanded for further proceedings consistent with this opinion.