429 P.2d 459

**The STATE of Arizona, Appellee,**

v.

**Richard Rivera NORIEGA, Appellant.**

**No. 2 CA–CR 94.**

Court of Appeals of Arizona.

June 15, 1967.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

S. Jeffrey Minker, Tucson, for appellant.

KRUCKER, Judge.

This case is presently pending in this Court on the defendant's appeal from a conviction of obstructing justice. No briefs have been filed because the defendant has filed a motion for remand to the Superior Court to enable him to move for a new trial on the ground of newly discovered evidence.

Appended to the motion for remand are two affidavits. The affidavit of a potential witness, Mr. Padilla, who was not available at the time of trial, sets forth the substance of the testimony he would give were a new trial ordered. The affidavit of appellate counsel is to the effect that Mr. Padilla was not subpoenaed as a witness at the trial commencing October 13, 1966, and was out of the state from Otober 9, 1966, until sometime in December 1966. Subsequent to the filing of the notice of appeal, Mr. Padilla sought out the defendant's appellate counsel and volunteered the information set forth in his affidavit.

The defendant correctly maintains that the trial court is without jurisdiction to entertain his motion for a new trial. The filing of the notice of appeal divested the trial court of jurisdiction to act except in furtherance of the appeal. Application of Lopez, 97 Ariz. 328, 400 P.2d 325 (1965); Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889 (1965). Without presenting authority for his motion, the defendant has requested this

court to simultaneously relinquish and retain its jurisdiction, i. e., remand the case for presentation of a motion for a new trial and retain the appeal in a state of suspension pending the outcome of the proceedings on remand. The State's response does not challenge the procedural propriety of the defendant's motion, but merely challenges the sufficiency of the "newly discovered evidence".

Rule 310, Arizona Rules of Criminal Procedure, 17 A.R.S., provides in pertinent part:

"The court shall grant a new trial if any of the following grounds is established:

\* \* \* \* \* \*

"3. That new and material evidence, which if introduced at the trial would probably have changed the verdict or the finding of the court, is discovered which the defendant could not with reasonable diligence have discovered and produced upon the trial."

Rule 308, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"A motion for a new trial may be made only within three days after the rendition of the verdict or the finding of the court, unless the ground of the motion is newly discovered evidence as provided in Rule 310, in which event the motion may be made within one year after the rendition of the verdict or the finding of the court, or at a later time if the court for good cause permits."

Thus we see that there is no question as to the timeliness of a motion for a new trial, if the motion to remand were granted.

■ Our rules of civil procedure make no specific provision for a "motion to remand". However, an appellate court may, in a proper case, grant a motion to remand a case to the lower court to enable an appellant to move for a new trial based on newly discovered evidence, after taking of an appeal. 5B C.J.S. Appeal and Error § 1836 h; State ex rel. Thompson v. Babcock, 145 Mont. 592, 403 P.2d 605 (1965); Weisberg v. Koprowski, 17 N.J. 362, 111 A.2d 481 (1955); State

v. Nicks, 131 Mont. 567, 312 P.2d 519 (1957); Ketola v. St. Paul City Railway Company, 245 Minn. 583, 72 N.W.2d 370 (1955).

In the federal court system, the trial court is permitted to entertain a motion for a new trial on the ground of newly discovered evidence prior to remand. Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C., (as amended 1966), provides, in part:

"\* \* \* A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case."

The old federal rule, Rule 2(3), required remand by the appellate court before the trial court might entertain a motion for a new trial. As pointed out in the case of Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952):

"In criminal cases, therefore, the procedure is that, when a trial is sought because of newly discovered evidence in a case pending in the appellate court, a motion for the new trial is made in the District Court, and the District Court may then deny the motion or indicate that it will grant the motion. If that court indicates that it is inclined to grant the motion, a motion for remand is made in the appellate court."

It appears to be fairly well-established procedure in the federal courts that when a case is on appeal, the district court may certify that if the case is remanded, a new trial will be granted, and then the appellate court will comply by remanding the case. See United States v. Comulada, 340 F.2d 449 (2d Cir. 1965), cert. denied 380 U.S. 978, 85 S.Ct. 1343, 14 L.Ed.2d 272 (1965); Richardson v. United States, 360 F.2d 366 (5th Cir. 1966); United States v. Smith, 331 F. 2d 145 (9th Cir. 1964). As pointed out in the *Richardson* case, supra, 360 F.2d at page 368:

"By necessary implication, Rule 33 of Federal Rules of Criminal Procedure con-

fers jurisdiction upon the trial court to hear a motion for a new trial on the ground of newly discovered evidence while the case is on appeal from the judgment of conviction. * * * Thus, the trial court had jurisdiction to hear the motion. With respect to the power to act upon the motion, such rule expressly precludes the granting of such a motion absent remand by the appellate court; * . * *."

■ According to the *Smith* case, supra, consideration of the appeal is held in abeyance until the trial court certifies to the appellate court whether it will grant the motion if the case is remanded for a ruling on the motion. From a practical standpoint, the federal procedure has much to recommend it. An absolute remand for purposes of allowing a trial court to entertain a motion for a new trial in situations where the motion would be denied would serve no useful purpose. However, regardless of the procedure followed, we must pass upon the sufficiency of the evidence presented in support of the motion. See State v. Babcock, supra; Heald v. United States, 175 F. 2d 878 (10th Cir. 1949); Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d 607 (1960); Evans v. United States, 122 F.2d 461 (10th Cir. 1941); Isgrig v. United States, 109 F.2d 131 (4th Cir. 1940); State v. Clamp, 225 S.C. 89, 80 S.E.2d 918 (1954). As stated in Ketola v. St. Paul City Railway Company, supra:[1]

"In determining whether a motion to remand should be granted, our inquiry is limited to whether the showing made is of such nature that the moving party ought to have the opportunity to present the motion to the trial court. * * * We are

not passing on the merits, and the granting of this motion is not a suggestion as to what result should follow below. The trial court will proceed as usual in the ordinary case under the applicable rules."

The evidence at the trial disclosed that a disturbance occurred at a bar on South 12th Avenue in Tucson, Arizona, on June 25, 1966. A police officer summoned there radioed for assistance upon his arrival at the bar. A crowd was gathered outside watching two fellows who were preparing to fight. Another officer, who arrived at the scene in response to the summons for assistance, testified that he walked through the crowd telling them to "break it up." One of the fight participants was the defendant. The officer further testified that someone in the crowd yelled: "The cops,"; that both fight participants looked at him; that he was wearing his police uniform; that the defendant struck the other antagonist; whereupon the officer grabbed the defendant and told him that he was under arrest. The defendant then turned around, said something to the officer which he couldn't remember, jerked his shoulder from the officer's grasp and struck him in the face with his fist.

The officer stated that he was wearing eyeglasses and the blow shattered a lens and broke the temple. The glasses, in this condition, were introduced into evidence, and the officer testified that they had been intact prior to the blow. He went on:

"Q Now, after this blow was struck, what did you do?

"A Mr. Noriega, after he struck the blow, he stepped back a pace and was still squared off, and he made another movement, and I swung my night stick and

---

1. See the case of Rogers v. Ogg, 101 Ariz. 161, 163, 416 P.2d 594 (1966), wherein the Supreme Court of Arizona held that application to the appellate court is necessary for permission to file a Rule 60 (c) motion in the trial court, after issuance of the appellate mandate affirming the judgment sought to be set aside pursuant to said rule. The court therein stated:

"We will allow the trial court to entertain a Rule 60(c) motion if the applicant presents to us the necessary averments, supported by affidavits or other acceptable evidence, *making out a prima facie case for relief* under Rule 60(c)." (Emphasis added).

struck him on the arm and here on the side of the head.

\* \* \* \* \* \*

"Q And after that what about Mr. Noriega, what did he do?

"A He dropped his hand and said something else to me. I told him, I said, that he was under arrest, and he submitted to arrest then, and I led him over to the car."

The defendant's testimony was to the effect that his opponent had his hand in his pocket and:

"He pulled out something, and when he did I hit him, I hit him in the face. He went back and I bent over to get him to take what he had in his hand when I felt something struck me in the head, real hard, I thought that it was—you know—I thought it was one of the guys that had thrown a brick \* \* \* He hit me again, then he pushed me, and it was that officer. Then I went like this because he came at me with a night stick a couple times and he hit me on the arm, and he said you're under arrest, and I say all right, but I didn't do nothing."

The tenor of the purported "newly discovered evidence" is that Mr. Padilla, who was present at the scene of the incident which gave rise to the defendant's arrest, did not see the defendant hit the police officer. In the recent decision of State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (No. 1701, filed May 11, 1967), the Supreme Court of this state set forth the following requirements for a motion for new trial on newly discovered evidence:

"(1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer due diligence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably change the verdict."

The defendant's brother testified at the trial to the effect that the police officer said "break it up" and then walked right up to the defendant and hit him twice with the night stick. He claimed to have been watching all the time and never saw the defendant hit the officer. Conceivably, the jury might disregard this testimony because of the interest of the witness in the outcome of his brother's trial for the offense of obstructing justice. However, the defense put on as a witness a fifteen-year old girl who was present at the scene of the incident. She testified:

"Q And you were standing within the crowd?

"A Yes.

"Q And what did you see the police officer do?

"A Well, he came up and he got Richey by the arm and the other one too, but the other one hit the cop and the policeman hit Richey with a blackjack.

\* \* \* \* \* \*

"Q Did you at any time see Richey hit the police officer?

"A No, he didn't hit him."

This witness further stated that the police officer who hit the defendant was not wearing eyeglasses.

We believe that Mr. Padilla's affidavit does not recite "newly discovered evidence", as the evidence contained therein is merely cumulative to the testimony of the fifteen-year old witness. Under the requirements set forth in *Schantz,* supra, the trial court would not be justified in granting a new trial and, therefore, the present motion should not be granted. As stated in Isgrig v. United States, supra, 109 F.2d at page 134:

"The case will be remanded, however, only if showing is made to the appellate court that the lower court would be justified in granting the new trial."

Accordingly, the motion to remand is denied.

HATHAWAY, C. J., and MOLLOY, J., concur.