435 P.2d 729

**The STATE of Arizona, Appellee,**

v.

**Harry Duff GIBBS, Appellant.**

**No. 1 CA–CR 139.**

Court of Appeals of Arizona.

Jan. 5, 1968.

Darrell F. Smith, Atty. Gen., by Terry M. Pierce, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

DONOFRIO, Judge.

This case is an appeal from a judgment of conviction and sentence imposed on appellant-defendant, Harry Duff Gibbs, on April 27, 1967. The appeal is based on the order of the Superior Court denying him leave to withdraw his plea of guilty.

The defendant and one Higgins were charged with three felony counts, two for burglary and one for grand theft. The preliminary hearing was held January 26, 1967. Both defendants when arraigned in the Superior Court pleaded not guilty to the three counts. Both had prior convictions and Gibbs was on probation for another felony at the time. Defendant thereafter withdrew his plea of not guilty and entered a plea of guilty to the count charging burglary whereupon the County Attorney's office dropped all counts except the instant one for second degree burglary. Defendant Gibbs' probation was revoked and he was sentenced to a term of four to five years for the original crime, plus a sentence of not less than two nor more than five years on the instant second degree burglary charge. The two sentences were to run consecutively. No penalty was imposed based on the prior conviction. Defendant Gibbs then employed new counsel and sought to have the guilty plea withdrawn. The motion was denied and he brings this appeal.

The basis of defendant's appeal is that the trial court abused its discretion in denying his motion to withdraw the plea of guilty. The reason advanced by Gibbs for desiring to change his plea is that he was misled by his attorney as to what sentence he might expect and where he might serve his sentence. Defendant claims that he expected to get only a three-year term, that multiple terms would be served concurrently and that there existed the possibility that he might serve his term in the Maricopa County jail. Further, defendant testified he was in general ignorance and confusion of the legal consequences of changing his plea. We cannot agree with these contentions. A motion to withdraw

a plea of guilty is addressed to the sound discretion of the trial court, Rule 188, Rules of Criminal Procedure, 17 A.R.S., and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal. State v. Jones, 95 Ariz. 4, 385 P.2d 1019 (1963); State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286 (1965). The discretion of the trial court should be liberally exercised in favor of permitting the withdrawal where there is any showing that justice will be served thereby. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962); State v. Norgard, 92 Ariz. 313, 376 P.2d 776 (1962). Defendant seemed to rely heavily on Corvelo, supra. That case is distinguishable in several ways. In Corvelo the defendant steadfastly maintained his innocence; there was real confusion on the part of the defendant and counsel as to the plea, and furthermore, the information was in fact defective.

■ In the instant case we have no such basis for the trial court to exercise its discretion to satisfy a defendant who was disappointed in the *results* of his plea—not necessarily in the *merits* of his plea. The defendant admits he expected a less severe sentence upon changing his plea to guilty, but the Arizona Supreme Court has stated in State v. Alford, 98 Ariz. 124, 402 P.2d 551 (1965) and State v. Valenzuela, supra, that it may appear to defendant and counsel that the best avenue open to them is to plead guilty where the chance of a successful defense is negligible. For counsel to suggest that a defendant plead guilty and hope for lenient treatment is not poor advice even if the expected leniency does not materialize. In the present case two felony charges were dropped and a prior conviction ignored due to the fact that defendant pleaded guilty. Even though his further hope of serving the two sentences concurrently and in the Maricopa County jail was not realized, we cannot say because of this there was abuse of the trial court's

discretion in denying the motion to withdraw the guilty plea.

Defendant's charge that he was misled into pleading guilty is not leveled at the County Attorney's office, but at his own counsel. The record shows that at the time of entering the guilty plea his counsel had a great deal of experience in criminal defense work and made no promises concerning what sentence the defendant would receive. No assertions at all were made concerning whether terms would be served concurrently or consecutively. The only real basis for defendant's charge of being misled is the fact that his former counsel said he would see about the possibility of defendant's serving the sentence in the Maricopa County jail. The attorney did consult the Court and probation officer, making requests for a jail sentence; however he was not successful. His failure to succeed cannot be attributed to any incompetency on his part, and there is no showing that any attempt was made to mislead defendant.

Finally, defendant would have us believe he was confused by the legal process and did not realize what a change of plea would entail. His own testimony shows at least an average understanding of the sentencing process and the terms of imprisonment that are meted out for the various crimes; in fact he had been charged with burglary previously and had pleaded guilty to that charge and received probation, being informed as to the consequences of a violation of probation. Based on this experience it is difficult to believe his assertion that he could not understand the proceedings having to do with pleading guilty.

On April 3, 1967 the lower court held a hearing on the voluntariness of the plea of guilty. At this time the trial court conscientiously endeavored to find out if any threats or promises had been made to induce such a plea. The court further

emphasized the possible consequences of such a plea and repeatedly asked if the defendant understood the proceedings and if he had any questions to ask of the court or counsel. All these being answered properly, the court found his plea to be voluntary.

We find no abuse of discretion as there was a determination based on a fair appraisal of the facts.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.