448 P.2d 888

The STATE of Arizona, Appellee,

v.

John Thomas CHURTON, Appellant.

No. 2 CA–CR 139.

Court of Appeals of Arizona.

Dec. 26, 1968.

Gary K. Nelson, Atty. Gen., Carl Waag, Special Asst. Atty. Gen., for appellee.

Ronald W. Sommer, Tucson, for appellant.

MOLLOY, Judge.

This is an appeal from a judgment of guilty and sentence as to the crime of grand theft. The defendant had originally been charged with robbery but subsequently entered a plea of guilty to the "reduced" charge of grand theft.[1]

Fifty-four days after his being sentenced to prison as a result of his plea, the defendant simultaneously filed, in propria persona, a "notice of appeal," and "affidavit of indigency," and a "motion for new trial." The motion for new trial was denied by the trial court on the grounds that, after the filing of the notice of appeal, that court had no further jurisdiction to pass upon such a motion.

■■ The first asserted error on appeal is that the trial court should have ruled upon the "motion for new trial." We find no error in its failing to do so. Once the notice of appeal is filed, in this jurisdiction, we believe it to be clear that the trial court no longer has jurisdiction to rule upon any motion, except a motion in furtherance of the appeal. Our Supreme Court has used strong language in reaffirming this to be the law of this state. Application of Lopez, 97 Ariz. 328, 400 P.2d 325 (1965); and see State v. Federico, 104 Ariz. 48, 448 P.2d 399 (Filed 12/11/68).

Decisions cited from other jurisdictions, we find to be inapposite, because they pertain to *timely* motions for new trial in appropriate cases for such a motion. See Padgett v. State, Fla.App., 196 So.2d 223 (1967); Graves v. State, 116 Ga.App. 19, 156 S.E.2d 205 (1967); and State v. Harkins, 85 Mont. 585, 281 P. 551 (1929). As a motion for a new trial, this motion was most untimely, see State v. Hill, 85 Ariz. 49, 330 P.2d 1088 (1958), and, as we shall see, it was not actually a motion for new trial at all. When a motion for new trial and appeal were filed simultaneously, the Supreme Court of Florida held that the motion for new trial was waived. State ex rel. Faircloth v. District Court of Appeal, Third District, Fla., 187 So.2d 890 (1966). However, our own Supreme Court has spoken so clearly on this subject, even if these decisions from other jurisdictions were apposite and contra, we would consider ourselves bound not to follow them.

In State v. Noriega, 5 Ariz.App. 572, 429 P.2d 459 (1967), we held that, when a motion for a new trial is filed after an appeal, this court should, in a proper case, remand such a motion for hearing to the lower court if a discretionary ruling ordinarily made by the trial court were presented. Such is the procedure laid out in State v. Sims, 99 Ariz. 302, 303, 309, 409 P.2d 17 (1965). In *Noriega*, the motion was for a new trial based upon newly discovered evidence, and, this court, after

---

1. Grand theft is, of course, not an included offense of robbery. At the time of the taking of the plea, the county attorney moved to file an amended information, charging grand theft. The defendant, present by counsel and in person, had no objection to the amendment, and, after the same was allowed, pleaded guilty in accordance with what would appear to be a plea-bargaining arrangement. Grand theft, without a gun or deadly weapon, is punishable by imprisonment for not less than one nor more than ten years, A.R.S. § 13-671, subsec. A, as amended, while robbery is punished by a minimum of five years and not more than life imprisonment, A.R.S. § 13-643, subsec. A, as amended.

analyzing the motion, decided that the "newly discovered evidence" was cumulative, and, under the decision of the Supreme Court in State v. Schantz, 102 Ariz. 212, 427 P.2d 530 (1967), insufficient grounds for the granting of a new trial. Accordingly, this court refused to remand that case for a hearing on the motion. In the light of *Noriega*, we examine this motion to ascertain whether it requires remand for a ruling.

■■ It is our view that a motion for a new trial is not the proper procedural weapon to attack the judgment and sentence entered in this action. A motion for new trial is appropriate when " * * * a verdict has been rendered against the defendant, or the defendant has been found guilty by the court * * *" Rule 307, Rules of Criminal Procedure, 17 A.R.S. This defendant was not "found" guilty either by jury or court and has never been afforded a "trial." Nor do we believe a motion in pursuance of Rule 188,[2] Rules of Criminal Procedure, 17 A.R.S., would have been appropriate. When a defendant has pleaded guilty, and sentence has been imposed, the trial court no longer has "jurisdiction" to entertain a motion to vacate judgment and set aside a plea under this rule. State v. Barnes, 100 Ariz. 334, 336, 414 P.2d 149 (1966).[3] When a judgment and sentence rendered on a guilty plea is "void," our Supreme Court has held that the defendant

may proceed under Rule 60(c), Rules of *Civil* Procedure, 16 A.R.S., to cause a judgment and sentence to be vacated. State v. Moreno, 102 Ariz. 399, 402, 430 P.2d 419 (1967).

■ Under the leadership of our Supreme Court, Arizona appellate courts have refused to be straitjacketed by labels placed on motions and petitions. See, e. g., Goodman v. State, 96 Ariz. 139, 140, 393 P.2d 148 (1964); Application of Buccheri, 6 Ariz.App. 196, 199, 431 P.2d 91 (1967). Inasmuch as the appropriate procedure to attack a judgment and sentence rendered on a plea of guilty would appear to be only under Rule 60(c), Rules of Civil Procedure, see *Barnes* and *Moreno*, supra, we evaluate the defendant's "motion for new trial" to ascertain whether it presents sufficient grounds for relief under this Rule, and whether it is appropriate to remand this motion for a decision by the trial court. State v. Sims, supra.

■ The subject motion is unverified and makes no factual assertions. It attempts to raise the legal question of whether, on a plea of guilty, the record itself must show that the accused had comprehension of the nature and elements of the charge against him, of the defenses available to him and of the consequences which might flow from a plea of guilty. This is a legal matter raised on this appeal, and appropriately disposed of here.[4] State v.

---

2. "Rule 188.
   "The court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the county attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty." 17 A.R.S.R.Crim.P.

3. This court, Division One thereof, after *Barnes*, has stated that a motion to withdraw a guilty plea, *after* sentencing, is addressed to the " * * * sound discretion of the trial court * * *", un-

der Rule 188, R.Crim.P. State v. Gibbs, 6 Ariz.App. 600, 602, 435 P.2d 729 (1968). This statement in *Gibbs* is not critical to the decision, as the denial of the motion was upheld on other grounds.

4. If the petitioner had set forth factual assertions, under oath, to show that his plea was not voluntary, the interesting procedural question would be raised as to whether this is a grounds which might be raised under a Rule 60(c) motion. In Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967), this court held that such an attack upon a conviction based upon a plea of guilty can be made in a petition for habeas corpus, providing that sufficient factual matters are set forth in the petition.

Noriega, supra. Accordingly, we see no reason to remand this case for a consideration of the pending motion in the trial court.

As to the legal grounds for the "motion for a new trial," it is our view that there is no need for the record itself to affirmatively demonstrate the defendant's comprehension of the elements of the charge, possible defenses and possible consequences of the plea. To the contrary, it is our view that the judgment of the trial court is presumed in these regards to be based upon a sufficient foundation and that it is the affirmative duty of the defendant to show that the necessary essentials of a voluntary plea are lacking. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); State v. Martinez, 102 Ariz. 215, 427 P.2d·533 (1967); Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967); and see Rule 182, Rules of Criminal Procedure, 17 A.R.S. No attempt is made here to affirmatively show that this was an involuntary plea. The fact that it appears on the face of this record that plea-bargaining occurred does not in and of itself raise a presumption of involuntariness. State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (Filed 12/13/68); State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (Filed 12/11/68).

The last contention raised on appeal is that the court abused its discretion in imposing a prison sentence upon the defendant when it should have granted an opportunity for the defendant to hospitalize himself in an institution for the treatment of the mentally ill. A hearing conducted in pursuance of Rule 250, Rules of Criminal Procedure, 17 A.R.S., indicated that the defendant had a "sociopathic personality" and might profit by hospitalization. The defendant had been previously hospitalized for mental illness.

This offense involved the use of a revolver. There was a past juvenile record

for the court to consider. These circumstances in our view suggest that a long prison term, perhaps longer than the one imposed,[5] would be necessary for the protection both of society and this individual. The appellant cites no authority to support the view that this sentence is illegal or an abuse of discretion, and we see no reason to change what appears to be the existing state of the law in this regard.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

5. A three to five-year-sentence was imposed. Under the credits allowed under A.R.S. §§ 31–251 and 31–252, the defendant may be paroled in approximately eighteen months, after commencement of his sentence.