123 N.J. Super. 454 (1973)
303 A.2d 596
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM CHARLES KORZENOWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1972.
Decided April 12, 1973.
*455 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Mr. Frank P. Villanova argued the cause for the appellant (Mr. Humphrey Famularo, attorney.)
Mr. Robert D. Clarke, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney.)
PER CURIAM.
A plea bargain was struck in this gambling case. A careful comparison of the sentence with the bargain as disclosed in the plea transcript shows no breach. Indeed, defendant does not so contend but rather urges error on the grounds that
1. The sentence was excessive and unconstitutional because the court did not participate in the bargaining, thereby depriving defendant of effective assistance of counsel under the Sixth Amendment of the United States Constitution.
2. A Supreme Court directive excluding court participation in the bargain is unconstitutional and in this instance, prejudicial to the defendant.
3. N.J.S. 2A:112-3 is unconstitutional since it discriminates against bookmakers as a class in that they are exposed to a fiveyear maximum prison term and a fine of up to $5,000. while all other classes of misdemeanants can receive up to three years imprisonment and a $1,000. fine under N.J.S. 2A:85-7.
Defendant's net custodial sentences ran concurrently for three to five years with a $5,000 fine on two of the five counts to which he pleaded guilty.
As to defendant's contentions referrable to the absence of participation by the court in the bargaining procedure, there is clear authority mandating nonparticipation. United States v. Gilligan, 256 F. Supp. 244, 254 (S.D.N.Y. 1966); State v. Thomas, 61 N.J. 314, 321 (1972); State v. Taylor, 49 N.J. 440, 455 (1967); State v. Poli, 112 N.J. Super. 374, 379 (App. Div. 1970). Moreover, we conclude *456 the directive in question[1] merely iterates and implements these rulings for the benefit of trial courts.
*457 With respect to the sentence being excessive and an abuse of judicial discretion, we have examined this contention within the totality of all of the circumstances revealed by the record and find no clear showing of the same. State v. Cox, 101 N.J. Super. 470 (App. Div. 1968), certif. den. 53 N.J. 510 (1969); State v. Provoid, 110 N.J. Super. 547 (App. Div. 1970).
Finally, we likewise conclude that bookmakers suffer no discrimination of constitutional dimensions in the area of statutory limits on sentences when compared with other misdemeanants. State v. Hampton, 61 N.J. 250 (1972); State v. Smith, 58 N.J. 202 (1971).
Affirmed.
NOTES
[1] The text of the so-called "directive" is as follows:
 MEMORANDUM TO: ASSIGNMENT JUDGES AND
 COUNTY PROSECUTORS
 RE: Pleas in Criminal Cases

This is to advise you that the Supreme Court has approved the following general policy with regard to acceptance of plea procedures developed at the meeting of Assignment Judges and Prosecutors on December 11, 1970:
1. The prosecutor and defense counsel may engage in discussions relating to pleas and sentences, but the judge shall take no part in such discussions.
2. Where the prosecutor and defense counsel reach an agreement as to the offense or offenses to which a defendant will plead on condition that other charges pending against the defendant will be dismissed, such agreement shall be placed on the record in open court at the time the plea is entered. If the plea is accepted by the judge in accordance with such agreement and subsequently the judge before whom a motion for dismissal of other charges is made pursuant to R. 3:25 in his discretion determines that the interest of justice would not be served by accepting such agreement, then and in that event the defendant shall be permitted to withdraw his plea.
3. Where the prosecutor and defense counsel reach an agreement as to the sentence which the prosecutor will recommend, such agreement shall be placed on the record in open court at the time the plea is entered. If the plea is accepted by the judge and subsequently at the time of sentencing in accordance with R. 3:21 the sentencing judge in his discretion determines that the interest of justice would not be served by accepting the prosecutor's recommendation made pursuant to such agreement, then and in that event the defendant shall be permitted to withdraw his plea.
4. The foregoing does not authorize a departure from the holding in State v. Reali, 26 N.J. 222 (1958), that a plea of guilty shall be refused if a defendant insists on his innocence. Accordingly, the plea procedures prescribed by R. 3:9-2 shall continue to be observed and, notwithstanding the recent decision in North Carolina v. Alford [400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162], (decided November 23, 1970), except in capital cases, a plea shall not be accepted from a defendant who does not admit commission of the offense.
 s/ Edward B. McConnell
 Copies to: Attorney General Kugler
 Public Defender Van Ness
 Director Jahos
 All Judges
 New Jersey Law Journal