764 P.2d 10

**STATE of Arizona, Petitioner,**

**v.**

**The Honorable Jay NATOLI, Judge of the Superior Court of Arizona, in and for the County of Navajo,**

**and**

**Darin Kipp JONES, Defendant–Real Party in Interest, Respondents.**

**No. CV–87–0057–SA.**

Supreme Court of Arizona, En Banc.

Oct. 25, 1988.

Dale K. Patton, Jr., Navajo County Atty. by Joel H. Ruechel, Deputy Navajo Co. Atty., Holbrook, for petitioner.

Joseph Julius Hessinger, P.C. by Joseph Julius Hessinger, Pinetop, for real party in interest.

HOLOHAN, Justice.

We accepted jurisdiction of the state's petition for special action to consider whether a defendant may collaterally attack the validity of a criminal conviction from a non-record court solely on the basis of a lack of record to support the finding that a factual basis existed for a plea of guilty. The issue is one of statewide importance because it affects the validity of most of the convictions based on a guilty plea entered in non-record courts.

The facts necessary for the resolution of this case are not in dispute. The defendant-real party in interest was charged in the Pinetop Justice Court with driving under the influence of intoxicating liquor in violation of A.R.S. § 28–692. The state also alleged that the defendant had a prior conviction for violating A.R.S. § 28–692. The state submitted a certified copy of the record of the prior conviction which was admitted into evidence over the objection of the defendant. The justice of the peace found the defendant guilty and found that the defendant had a prior conviction. Pursuant to A.R.S. § 28–692.01(E), the justice of the peace sentenced the defendant as a person convicted of a second violation of A.R.S. § 28–692.

The defendant appealed his conviction and sentence to the superior court where he collaterally attacked the validity of his prior conviction. The defendant offered no additional evidence concerning the validity of the prior conviction, relying only on the purported insufficiency of the record of conviction. The respondent judge ruled that the use of the prior conviction to enhance the defendant's sentence was improper because the record of conviction failed to show a factual basis for the defendant's conviction based on a guilty plea. The respondent judge affirmed the conviction for driving under the influence of intoxicating liquor but reversed the sentence and ordered that the defendant be resentenced as a first offender. The state sought relief in this court by petition for special action.

A review of the certified documents admitted in evidence in the justice court to prove the prior conviction discloses that the defendant pled guilty in 1982 in the City Court of Show Low to driving under the influence of intoxicating liquor. There was no court reporter present at the proceeding, and the proceeding was not otherwise recorded. Included in the court documents in evidence was one entitled "Guilty Plea Proceedings." The document was signed by the magistrate and stated that the defendant had been advised of the charge against him, the consequences of a conviction, the right to counsel, and the other specific constitutional rights that would be given up by a plea of guilty. The defendant signed the document, certifying that he understood his rights and that he wished to plead guilty. The document further reflects that the magistrate also found that there existed a basis in fact for believing the defendant guilty of the offense charged. Because the magistrate found the plea of guilty to be knowingly and voluntarily made, he accepted the plea and found the defendant guilty.

The above document shows that the defendant was advised of the rights required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the plea was taken in accordance with the requirements of Rule 17, Rules of Criminal Procedure, 17 A.R.S. The defendant does not deny that he was advised of his constitutional rights, but he contends that the conviction is not valid for two reasons: he was not advised that a conviction could be used in the future to increase the penalty for a subsequent conviction; and, nothing in the records of the court supports the finding of a factual basis for his plea of guilty.

The respondent judge rejected the defendant's contention that he was entitled to be advised of the future consequences of his conviction. We rejected a similar argument in *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). The respondent judge, however, agreed with the defendant that there was no record to support the magistrate's conclusion that there was a factual basis for the plea of guilty. In arriving at his ruling the respondent judge did not require, and the defense did not offer, any evidence to show that the finding by the non-record court was not in fact correct.

Earlier this year the court considered a case involving an issue similar to that presented in this case, and we held that where the record of conviction shows that a defendant was represented by counsel at the prior conviction, the validity of that conviction may not be collaterally attacked

when it is alleged for enhancement purposes. *State ex rel. Collins v. Superior Court, Maricopa County,* 157 Ariz. 71, 754 P.2d 1346 (1988). The case at issue differs from *Collins* in that the defendant was not represented by counsel at the prior conviction. Does the fact that the defendant was unrepresented prevent the application of the rule in *Collins?*

■ The answer to the foregoing question depends upon the state of the record used to prove the prior conviction. If the record of conviction fails to show that a defendant was either represented by counsel or had knowingly waived counsel, the conviction may, be collaterally attacked, and under such a record the conviction cannot be used to enhance the sentence on a subsequent conviction. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *State v. Renaud,* 108 Ariz. 417, 499 P.2d 712 (1972). Where, however, the record shows that the defendant waived counsel after being advised of his rights, the presumption of regularity should apply to the prior proceeding including the proper waiver of counsel. *State v. Hatch,* 156 Ariz. 597, 754 P.2d 324 (App.1988). The prior conviction is a verity until set aside. *State v. Smith,* 146 Ariz. 491, 707 P.2d 289 (1985). Thus, the rule in *Collins* should apply to prior convictions when the record shows that the defendant properly waived counsel, and the record of conviction is otherwise regular on its face.

The defendant argues that, even if a collateral attack is precluded by a showing in the records of the court that the trial judge advised the defendant of his constitutional rights, the records must show more than the notation that the trial judge found a factual basis for the plea of guilty. He contends that the record of conviction from the previous proceeding must show upon what basis the trial judge reached the conclusion that there was a factual basis for the plea. The Court of Appeals, in *Hatch,* addressed a similar contention as that presented here. The Court of Appeals held that the lack of a transcript of the prior proceedings did not justify setting aside a conviction in which the certified records of the court reflected that the magistrate or justice of the peace found a factual basis for the plea of guilty. The appeals court relied on the decisions in *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and *United States v. Lopez–Beltran,* 619 F.2d 19 (9th Cir.1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980), which held that a plea of guilty is not subject to collateral attack where all that is shown is a failure to comply with the formal requirements of the taking of a guilty plea under the federal analogue to Rule 17, Rules of Criminal Procedure, 17 A.R.S. We agree with the Court of Appeals' decision and treatment of the issue.

In summary, we hold that when a record of conviction shows that a defendant was advised of his right to counsel, and voluntarily waived counsel, and the record is otherwise regular on its face, a defendant is precluded from collaterally attacking the validity of that conviction when it is used for enhancement of sentence.

■ In this case the record of the prior conviction shows a waiver of counsel by the defendant after being advised of his rights, and the record otherwise appears regular and valid on its face. The defendant has failed to show any irregularity in the record of conviction. The respondent judge, therefore, erred in not giving the presumption of regularity which was due such prior conviction. We vacate the order of the respondent judge reversing the use of the prior conviction to enhance the defendant's sentence, and the respondent judge is directed to enter an order affirming the judgment of conviction and sentence `rendered by the Pinetop Justice Court.

RELIEF GRANTED.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.