778 P.2d 1310

The STATE of Arizona ex rel. Frederick S. DEAN, Tucson City Attorney, Plaintiff/Appellee,

v.

The CITY COURT OF the CITY OF TUCSON, and the Honorable Rita Jett, a magistrate thereof, Respondents,

Raymond M. KRUGER and George Pacheco, Real Parties in Interest/Appellants.

Nos. 2 CA–CV 88–0327, 2 CA–CV 88–0328.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 28, 1989.

Redesignated as Opinion and Publication Ordered March 16, 1989.

Review Denied Sept. 19, 1989.

Frederick S. Dean, Tucson City Atty. by R. William Call, Tucson, for plaintiff/appellee.

Law Office of Dunscomb and Shepherd, P.C. by Robb P. Holmes, Tucson, for real parties in interest/appellants.

OPINION

FERNANDEZ, Judge.

The sole issue raised in these consolidated cases is whether appellants' lack of counsel in their prior convictions for driving under the influence of intoxicating liquor (DUI) may be collaterally attacked when the convictions are used to enhance the sentence in their present DUI convictions.

In February 1987, appellant Raymond Kruger was arrested for driving under the influence and driving with a blood alcohol content greater than .10. The state alleged a prior conviction for DUI based upon Kruger's plea of no contest entered in Tucson City Court on March 22, 1985. When that plea was entered, Kruger was not represented by an attorney. He did not challenge his prior conviction either by appeal or by post-conviction proceedings. Before accepting his plea of no contest, the magistrate advised Kruger of the constitutional rights he was giving up by entering a plea, including his right to be represented by counsel. Kruger acknowledged that he was advised of the rights he was relinquishing by signing a form entitled "Proceeding on Acceptance of Plea." The form contains the following language:

3. That the Defendant understands that the following constitutional rights are given up:

\* \* \* \* \* \*

—(B) The right to the assistance of an attorney at all stages of the proceeding, and in certain cases to an appointed attorney, to be furnished free of charge if the Defendant cannot afford one.

\* \* \* \* \* \*

Alternate 8.

—Defendant is not represented by an attorney and waives his/her right to be represented by an attorney in this proceeding.

In May 1987, respondent magistrate granted Kruger's motion to strike the prior conviction allegation in the present charges, ruling that the plea entered in March 1985 "was not made with full knowledge of the potential benefits which could enure to him if he were advised or represented by an attorney." The state filed a petition for special action in superior court.

Appellant George Pacheco was arrested in January 1986 for DUI, driving on a suspended license and failing to have proof of insurance. The state alleged a prior conviction for DUI that was entered in April 1984. At the time of the prior conviction, Pacheco was not represented by an attorney. Pacheco neither appealed the prior conviction nor sought post-conviction relief. Before Pacheco entered his plea, the city magistrate advised him of the constitutional rights he was giving up by entering a plea, including his right to be represented by an attorney, in the same manner in which Kruger was advised of his rights. Pacheco acknowledged the rights he relinquished by signing a "Proceeding on Acceptance of Plea" form identical to the form Kruger signed. Respondent magistrate granted Pacheco's motion to set aside the prior conviction because he had not been represented by counsel at the time he pled, ruling that "Court re-asserts its position that a change of plea which does not advise a Defendant of that information recommended by the Arizona Supreme Court is deficient." The state then filed a petition for special action in the superior court.

The cases were consolidated in superior court. After argument, the court granted the petitions, vacated the magistrate's orders and remanded the cases for further proceedings, ruling that the records indicate appellants knowingly, voluntarily and intelligently waived their rights to counsel and that they cannot collaterally attack the prior convictions.

On appeal, appellants contend that their lack of counsel in their prior convictions opens those convictions to collateral attack. The Arizona Supreme Court recently upheld the enhancement of a DUI conviction with a prior conviction which was entered after an uncounseled guilty plea. *State v. Natoli,* 158 Ariz. 525, 764 P.2d 10 (1988). In that case, the court concluded as follows:

In summary, we hold that when a record of conviction shows that a defendant was advised of his right to counsel, and voluntarily waived counsel, and the record is otherwise regular on its face, a defendant is precluded from collaterally attacking the validity of that conviction when it is used for enhancement of sentence.

158 Ariz. at 527, 764 P.2d at 12. Although the issue raised in that case was whether the defendant could collaterally attack his prior conviction based on the lack of a record to support the finding of a factual basis for the guilty plea, the supreme court resolved the case on the basis of a general rule regarding collateral attacks on convictions. "If the record of conviction fails to show that a defendant was either represented by counsel *or had knowingly waived counsel,* the conviction may be collaterally attacked, and under such a record the conviction cannot be used to enhance the sentence on a subsequent conviction." Id. (emphasis added).

In this case, appellants have offered no evidence attacking the validity of their prior convictions other than their claim that the records fail to show a knowing and intelligent waiver of counsel. The forms

which appellants signed contain the following certification:

> I CERTIFY THAT THE JUDGE PERSONALLY ADVISED ME OF THE MATTERS NOTED ABOVE: THAT I FULLY UNDERSTAND, AGREE WITH AND APPROVE THE FINDINGS MADE BY THE JUDGE: THAT I UNDERSTAND THE CONSTITUTIONAL RIGHTS WHICH I GIVE UP BY ENTERING THIS PLEA, AND THAT I STILL DESIRE TO PLEAD ☐ GUILTY, ☐ NO CONTEST, TO THE CHARGES SET FORTH IN FINDING NUMBER 1 IN THE AFOREMENTIONED.

The trial court's judgment as to whether a defendant understands the constitutional rights he waives by entering a plea agreement is presumed to be based on sufficient foundation. *State v. Churton*, 9 Ariz.App. 16, 448 P.2d 888 (1968). Appellants have made no argument that they were mentally incompetent or emotionally disturbed when they entered their pleas. This court has held that, absent evidence otherwise, we presume the regularity of court proceedings and, when a record indicates that a defendant waived counsel, that the waiver was proper. *State v. Hoover*, 151 Ariz. 470, 728 P.2d 689 (App.1986).

We find that the records in these cases are sufficient to show that appellants were advised of their right to counsel and voluntarily and intelligently waived that right. *State v. Natoli, supra.*

AFFIRMED.

LACAGNINA, C.J., and ROLL, P.J., concur.