782 P.2d 324

**Fermin DURAN, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable John J. Trombino, a judge pro tempore thereof, Respondent Judge.**

**The STATE of Arizona, Real Party in Interest.**

**No. 1 CA–SA 89–023.**

Court of Appeals of Arizona, Division 1, Department D.

July 27, 1989.

Review Denied Nov. 21, 1989.

Dean W. Trebesch, Maricopa County Public Defender by Patrick E. McGillicuddy, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Lisa Mari Roberts, and David R. Cole, Deputy County Attys., Phoenix, for respondent.

OPINION

KLEINSCHMIDT, Judge.

The question that this special action presents is whether the trial court abused its discretion in denying the petitioner's motion to withdraw the guilty plea that he entered pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We previously accepted jurisdiction. We now hold that the trial court

did abuse its discretion, and we grant relief.

The state charged the petitioner, Fermin Duran, with five felony counts of sexual conduct with a minor and with one felony count of sexual abuse. The charges arose out of separate incidents involving two young girls. The state's evidence was comprised of the testimony of these children and of medical evidence that was consistent with their allegations.

The state offered to dismiss all charges except the felony count of sexual abuse. The petitioner's attorney recommended accepting the agreement "because the alleged victims consistently maintained their allegations." He calculated that the petitioner faced a potential sentence in excess of 100 years if he was convicted on all five counts. Under the plea agreement, the maximum sentence that the petitioner could receive was fifteen years. Faced with this choice, the petitioner elected to accept the plea agreement and pled guilty pursuant to *Alford.*

After the defendant entered his plea, but before he was sentenced, one of the children recanted. She stated that she had lied to the police and the doctors and that the petitioner had "done nothing" to her. The petitioner moved to withdraw his plea. On the same day that the motion to withdraw was filed, the child retracted her recantation and stated that her original allegations had been true. The other child never wavered from her accusation. The trial court denied the petitioner's motion to withdraw his plea, and this special action followed.

Rule 17.5 of the Arizona Rules of Criminal Procedure provides that a judge may, in his discretion, allow a defendant to withdraw his plea when this is necessary to correct a "manifest injustice." The Rule is to be liberally interpreted, and doubts are to be resolved in favor of allowing withdrawal of the plea. *See, e.g., State v. Ellison,* 111 Ariz. 167, 168, 526 P.2d 706, 707 (1974); *State v. Williams,* 107 Ariz. 421, 425, 489 P.2d 231, 235 (1971); *State v. Wilson,* 95 Ariz. 372, 373, 390 P.2d 903, 904 (1964); *State v. Corvelo,* 91 Ariz. 52, 54, 369 P.2d 903, 904–05 (1962); *State v. Wil-*

*son,* 126 Ariz. 348, 351, 615 P.2d 645, 648 (App.1980); *State v. Gibbs,* 6 Ariz.App. 600, 602, 435 P.2d 729, 731 (1968); *State v. Franklin,* 2 Ariz.App. 414, 416, 409 P.2d 573, 575 (1966).

The state takes the position that the plea in question should not be set aside. It points out that the trial court need only find "substantial evidence" of guilt to accept an *Alford* plea of guilty. *State v. Snodgrass,* 117 Ariz. 107, 110–11, 570 P.2d 1280, 1283–84 (App.1977). It contends that in this instance substantial evidence of the petitioner's guilt exists. The state's contention is correct. The child retracted her recantation, and it appears that the recantation may have been the result of coaching by a person who was a relative of both the child and the petitioner. The other child never recanted, and the medical evidence corroborated the claims of sexual assault. The state argues that when the record is viewed in this light, it demonstrates that the petitioner has failed to satisfy the manifest injustice standard articulated in Rule 17.5.

The fact that there is substantial evidence of the defendant's guilt does not govern our inquiry. The key to our decision instead lies in the fact that the plea which the petitioner sought to withdraw was entered pursuant to *Alford. Alford* stands for the proposition that a trial court may, without violating the Constitution, accept a plea of guilty from a defendant who maintains that he did not commit a crime. *Alford,* 400 U.S. at 36–37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. While an *Alford* plea is constitutionally permissible, we do not favor its use. Indeed, some courts have forbidden the use of *Alford* pleas altogether. *See, e.g., Ross v. State,* 456 N.E.2d 420, 423 (Ind.1983) (the acceptance of an *Alford* plea constitutes reversible error); *People v. Butler,* 43 Mich.App. 270, 279–81 & n. 2, 204 N.W.2d 325, 329–30 & n. 2 (1972) (the trial court may not accept a plea of guilty unless the defendant personally gives facts sufficient to constitute guilt); *State v. Korzenowski,* 123 N.J.Super. 454, 456 n. 1, 303 A.2d 596, 597 n. 1 (App.Div.) (citing a supreme court directive prohibiting the use of

*Alford* pleas), *cert. denied,* 63 N.J. 327, 307 A.2d 100 (1973).

One writer, who ultimately concludes that *Alford* pleas should be permitted, has catalogued the various objections to them. These objections include the perceptions that courts which accept *Alford* pleas may be avoiding their duty to determine the truth and that—worse yet—a resort to *Alford* enhances the possibility of punishing those who are not morally blameworthy. 2 D. Rossman, *Criminal Law Advocacy* ¶ 9.02[c] at 9–20 to 9–25 (1989); *see also* H. Cogan, *Entering Judgment on a Plea of Nolo Contendere: A Re-Examination of North Carolina v. Alford and Some Thoughts on the Relationship Between Proof and Punishment,* 17 Ariz.L.Rev. 992, 1020–22 (1975) (expressing the view that *Alford* gives insufficient weight to the historical concern for certainty of proof in felony cases).

In deciding whether to enter an *Alford* plea, the defendant essentially performs a risk-benefit analysis. In resorting to an *Alford* plea, a defendant, insisting that he is innocent, must assess the weight of the evidence and measure the probability of a guilty verdict and a longer sentence against a definite and lesser sentence to be imposed in accordance with the plea agreement.

██ We do not hold that every defendant who enters an *Alford* plea can withdraw it before sentencing simply because he has reassessed his chance for an acquittal. Automatically allowing *Alford* pleas to be withdrawn would render such pleas "mere gesture[s]" or "meaningless formalit[ies] reversible at the defendant's whim." *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.), *cert. denied* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Where there is, however, an objective reason for the defendant's reevaluation withdrawal should be permitted. In the present case, the evidence changed before a judgment of guilt was entered, and it changed in a way that caused the defendant to reassess his chance of acquittal. The defendant's reassessment may be incorrect, but he had a demonstrable reason for making it. Under these circumstances, it was an abuse of discretion to deny his motion to withdraw the *Alford* plea.

We cannot discern anything in the record which suggests that the defendant's withdrawal of his plea will prejudice the state in presenting its case against him. However, the state may be able to demonstrate on remand that such prejudice—as opposed to inconvenience—will ensue if the plea is withdrawn. If the state can demonstrate prejudice without referring to matters that may have transpired between the time that the defendant filed his motion to withdraw the plea and the time that we decided this special action, the trial court may consider whether the prejudice justifies denying the motion to withdraw the plea. *See United States v. Savage,* 561 F.2d 554 (4th Cir. 1977).

It is ordered remanding this case to the trial court with directions to grant the defendant's motion to set aside the *Alford* plea unless the state can demonstrate prejudice to its case by virtue of the entry and subsequent withdrawal of that plea.

GRANT, C.J., and FIDEL, J., concur.