NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KYLE MATTHEW THOMPSON, *Petitioner*.

No. 1 CA-CR 15-0622 PRPC
FILED 3-30-17

Petition for Review from the Superior Court in Mohave County
No. CR-2011-601
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Respondent*

Kyle Matthew Thompson, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

**N O R R I S**, Judge:

¶1        Kyle Matthew Thompson petitions this court for review from the dismissal of his petition for post-conviction relief. We grant review but deny relief.[1]

¶2        In 2013, Thompson pled guilty pursuant to *N. Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)[2] to one count of attempted sexual exploitation of a minor. At the change of plea hearing, the prosecutor stated Thompson had possessed an electronic image of "a girl, a minor under 15 years of age, engaging in masturbatory conduct." Given his plea, counsel for Thompson neither agreed nor objected to the factual basis established by the prosecutor. Instead, counsel informed the court as to the appropriate nature of the *Alford* plea and why it was in the best interest of justice. The superior court accepted the plea and sentenced Thompson to five years' probation.

¶3        The terms of Thompson's probation prohibited him from accessing the internet without prior written permission from his probation officer. Roughly two months after his probation began, Thompson's

---

[1]Although Thompson's petition for post-conviction relief was untimely under Ariz. R. Crim. P. 32.4(a) (notice must be filed within 90 days after entry of judgment and sentence), he was still entitled to raise a claim under Ariz. R. Crim. P. 32.1(h) (petition for post-conviction relief based on actual innocence).

[2]"*Alford* stands for the proposition that a trial court may, without violating the Constitution, accept a plea of guilty from a defendant who maintains that he did not commit a crime." *Duran v. Superior Court In & for Maricopa Cty.*, 162 Ariz. 206, 207, 782 P.2d 324, 325 (App. 1989). In deciding whether to enter an *Alford* plea, a defendant must "assess the weight of the evidence and measure the probability of a guilty verdict and a longer sentence against a definite and lesser sentence to be imposed in accordance with the plea agreement." *Id*. at 208, 782 P.2d at 326.

probation officer petitioned to revoke his probation, alleging Thompson had violated his probation by accessing "the internet via Facebook on at least seven (7) occasions soliciting friends, including a 13 year [old] female." The superior court held a contested violation hearing on the petition and found Thompson had violated his probation. The court revoked Thompson's probation and sentenced him to five years' imprisonment.

¶4        Thompson petitioned the superior court for post-conviction relief. The superior court denied the petition without setting an evidentiary hearing.

¶5        In his petition for review, Thompson argues, first, the superior court should not have summarily dismissed his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.1(h) because the State failed to identify any "actual" minor under Arizona Revised Statutes ("A.R.S.") section 13-3553(A)(2) (2010) (defining crime of sexual exploitation of a child as possessing "any visual depiction in which a minor is engaged in exploitative exhibition or other sexual conduct"). In support of this argument, Thompson argues *State v. Hazlett*, 205 Ariz. 523, 527, ¶ 11, 73 P.3d 1258, 1262 (App. 2003) (violation of A.R.S. § 13-3553 requires actual living human being), *State v. Tschilar*, 200 Ariz. 427, 435, ¶ 34, 27 P.3d 331, 339 (App. 2001) (because kidnapping and aggravated assault statutes prohibit conduct committed against "another person," convictions under both statutes require a victim), and *State v. Olquin*, 216 Ariz 250, 254, ¶ 21, 165 P.3d 228, 232 (App. 2007) (statutes proscribing offenses against "another person" require the identity of the victim) establish, when viewed together, that the State must prove the actual identity of the minor to sustain a conviction under A.R.S. § 13-3553. Reviewing the superior court's ruling for an abuse of discretion, we reject this argument. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (appellate court reviews ruling on post-conviction petition for abuse of discretion) (citations omitted).

¶6        A defendant claiming actual innocence in a post-conviction petition must show "by clear and convincing evidence that . . . no reasonable fact-finder would have found [the] defendant guilty of the underlying offense beyond a reasonable doubt . . . ." Ariz. R. Crim. P. 32.1(h). None of the authority Thompson cites required the State to prove the "actual identity" (i.e., the name and age) of the minor victim. And, this court "will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself . . . ." *Cicoria v. Cole*, 222 Ariz. 428, 431, ¶ 15, 215 P.3d 402, 405 (App. 2009) (citation omitted).

Therefore, the superior court properly dismissed Thompson's petition for post-conviction relief based on his claim of actual innocence.

¶7 Thompson also argues the State failed to establish an adequate factual basis for his plea. Reviewing the superior court's ruling for an abuse of discretion, we disagree. *See Swoopes*, 216 Ariz. at 393, ¶ 4, 166 P.3d at 948; *State v. Ovante*, 231 Ariz. 180, 184, ¶ 12, 291 P.3d 974, 978 (2013) (appellate court reviews superior court's acceptance of guilty plea for abuse of discretion).

¶8 Under Ariz. R. Crim. P. 17.1(c), the superior court may accept a plea of no contest after "due consideration of the views of the parties and the interest of the public in the effective administration of justice." Similar to a guilty plea, a plea of no contest is an admission of guilt. *State v. Anderson*, 147 Ariz. 346, 350, 710 P.2d 456, 460 (1985) (citing *Hudson v. United States*, 272 U.S. 451, 455, 47 S. Ct. 127, 129, 71 L. Ed. 347 (1926)). Here, Thompson did not and does not contest the prosecutor's description of the image he possessed. Instead, he argues he did not have any personal knowledge of the actual identity (the name and age) of the victim. As discussed, *see supra* ¶ 6, the State was not required to establish the victim's name and age. The superior court can accept a plea based on "strong evidence of guilt" of every element of the offense contained in the record. *Ovante*, 231 Ariz. at 184, ¶ 12, 291 P.3d at 978. The prosecutor's description of the image Thompson possessed, which he did not and does not challenge, was sufficient to support a conviction under A.R.S. § 13-3553.

¶9 For the foregoing reasons, although we grant review, we deny relief.

